J-S32009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAAL WALKER | : | |
| | : | |
| Appellant | : | No. 1879 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0002379-2024

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: SEPTEMBER 12, 2025**

Jamaal Walker appeals from the order, entered in the Court of Common Pleas of Dauphin County, holding him in contempt of court. After review, we dismiss this appeal as moot.

The facts of Walker's underlying criminal charges are irrelevant to our disposition. On November 18, 2023, Walker was charged with aggravated assault, disorderly conduct, resisting arrest, and public drunkenness.

On December 5, 2024, Walker appeared for jury selection without an attorney. As a result, the trial court attempted to conduct a **_Grazier_**[1] hearing to determine whether Walker wished to proceed without counsel and whether

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

he understood his rights.[2] Walker lodged several objections but ultimately agreed to proceed with the *Grazier* hearing. *See id.* at 6-11 (Walker arguing Commonwealth has misrepresented case; Walker arguing for "Rule 1200 dismissal"; Walker arguing he does not need an attorney and refusing to engage with trial court because he does not understand "court language").

After agreeing to the *Grazier* hearing, Walker refused to be sworn under oath and stated he did not understand his right to have an attorney. The trial court cautioned Walker that "I would prefer not to . . . go into contempt proceedings, [but] at this point, you appear to be obstructing the progress of your case[.]" *Id.* at 12. After lodging additional objections, Walker swore to tell the truth. *See id.* at 13-14 (Walker protesting that promising to tell truth is pointless because "somebody can lie on the stand, and I have to accept it, why do I have to sit there and be the one to admit the truth").

Walker refused to answer any questions regarding whether he understood his right to counsel. Walker also refused to state his age or his level of education. *See id.* at 15, 17. The trial court again cautioned Walker that it did not want to hold him in contempt, but that Walker needed to start

---

[2] We note that the certified record before us contains only the docket for the contempt proceeding and the December 5, 2024 hearing. Further, it appears that, based upon the record before us, the trial court had conducted a *Grazier* hearing prior to this date but Walker asserted it had not. *See* N.T. Jury Selection, 12/5/24, at 6-7 (Commonwealth and trial court referencing prior *Grazier* hearing); *id.* at 8-9 (Commonwealth referencing prior *Grazier* hearings before other trial judges). In an abundance of caution, the trial court agreed to conduct another *Grazier* hearing. *See id.* at 7.

cooperating because another individual's right to their jury trial was being delayed. *See id.* at 17-18.

Walker continued to refuse to state what level of education he had received, instead opting to protest that school taught "nothing about codes and statutes." *Id.* at 18. As a result of the foregoing, the trial court held Walker in contempt and ordered:

> I hereby find [Walker] to be in contempt of court. He's hereby sentenced to six months in Dauphin County Prison. He can purge that contempt finding if and when he cho[o]ses to come into court[ and] allow[s] us to proceed with a *Grazier* hearing. And[,] at this point, we will appoint standby counsel so that they can reach out to him in Dauphin County Prison [] to see if we can progress this matter. At this point, he's unavailable for trial. Rule 600 is on the defendant. And we'll have him listed for the criminal term commencing January 27, [2025,] jury selection the week before.

*Id.* at 18-19.

Walker filed a timely *pro se* notice of appeal. On January 8, 2025, the Dauphin County Public Defender's Office entered its appearance on Walker's behalf on the underlying criminal docket. As a result, on January 17, 2025, the trial court conducted a *Grazier* hearing, at which Walker requested the Public Defender's Office to represent him. Thus, the trial court lifted its contempt order and immediately ordered Walker be released from the Dauphin County Prison. On February 7, 2025, Walker's counsel filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

We need not address any of Walker's claims, as we discern that this appeal is moot. *See In re M.B.*, 101 A.3d 124, 127 (Pa. Super. 2014) ("As a general rule, an actual case or controversy must exist at all stages of the judicial process, or else a case will be dismissed as moot."); *Shirley v. Pennsylvania Legislative Reference Bureau*, 318 A.3d 832, 850 (Pa. 2024) ("An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.").

Instantly, the trial court vacated its order holding Walker in contempt and, thus, there is no longer an actual controversy.[3] *See Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa. Super. 1984) ("Because the existence of actual controversy is **essential** to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed.").

_____

[3] We observe that there are exceptions to the mootness doctrine that allow appellate courts to decide questions that have already been rendered moot. *See In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002). Those exceptions are: (1) the case involves a question of great public importance; (2) the question presented is capable of repetition and apt to elude appellate review; or (3) a party to the controversy will suffer some detriment due to the decision of the court. *See id.* Further, if the trial court "acts beyond its authority by failing to afford contemnor their procedural due process rights, the appeal will not be considered moot." *Ingebrethsen v. Ingebrethsen*, 661 A.2d 403, 404 (Pa. Super. 1995). None of these exceptions are applicable here.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025