533 A.2d 471

**Stanley COLBERT**

v.

**Oscar J. GUNNING**

**Appeal of Honorable Michael A. STEWART.**

Superior Court of Pennsylvania.

Argued March 31, 1987.

Filed Nov. 12, 1987.

David R. Weyl, Ambler, for appellant.

Arthur K. Dils, Harrisburg, for Colbert, appellee.

Peter B. Foster, Harrisburg, for Gunning, appellee.

Before WIEAND, BECK and CERCONE, JJ.

CERCONE, Judge:

This matter arises out of the attempt by Oscar Gunning, a losing party in a civil action initially presided over by appellant, District Justice Michael A. Stewart, to determine the date on which District Justice Stewart entered a judgment against Gunning. This determination was crucial to Gunning's case as his appeal to the court of Common Pleas had been dismissed as having been taken out of time.

In pursuit of this factual determination, Gunning scheduled depositions in connection with his motion to reinstate his appeal and served subpoenas on District Justice Stewart and his secretary, Theresa Myers. Neither Ms. Myers nor the appellant appeared for the scheduled depositions on February 26, 1986. Thereafter, Gunning filed a Petition and Rule to Show Cause on appellant as to why he should not be held in civil contempt for failing to appear at the deposition. Appellant filed no response or answer to the Rule. Pursuant to this Rule, a hearing was scheduled for April 23, 1986 at 10:00 a.m. When appellant failed to appear at that hearing, a bench warrant was issued. He appeared before court later that day. At that time, the court found that appellant was not guilty of criminal contempt for failure to appear at the earlier scheduled hearing but found him to be in civil contempt. The court ordered District Justice Stewart to appear for deposition and fined him $200.00.

The sole issue on appeal is whether the lower court erred in imposing an unconditional fine in a civil contempt case.

The power to punish for contempt, including the power to inflict summary punishment, is a right inherent in the courts and is incidental to the grant of judicial power under the Constitution. *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980). A court may exercise its civil contempt power to enforce compliance with its orders or decrees if its purpose is to compel performance, but not to inflict punishment. *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977); *Hopkinson v. Hopkinson*, 323 Pa.Super. 404, 470 A.2d 981 (1984).

■ The characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of contempt by complying with the court's directive. *In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975); *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976). If he is given an opportunity to purge himself before imposition of punishment, the contempt order is civil in nature. If the purpose of the order is to punish despite an opportunity to purge, the order is criminal in nature.

■ The primary question to be addressed in this case is whether, in a civil contempt case, the trial court may impose an unconditional fine merely for the purpose of punishing the contemnor. We find that the trial court erred in this respect. While it is clear that a court may impose an unconditional fine in civil contempt, it may do so only if the purpose is not to punish but to compensate for losses suffered by the complainant, as was explained in *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968):

> The trial court also properly found the defendants guilty of civil contempt. *Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. Gompers v. Bucks Stove & Range Co.,* [221 U.S. 418, 448, 449, 31 S.Ct. 492 [500, 501], 55 L.Ed. 797 (1911) ]. Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy. (emphasis in original)

429 Pa. at 521, 241 A.2d at 339 (*quoting United States v. United Mine Workers of America*, 330 U.S. 258, 298–299, 303–04, 67 S.Ct. 677, 698, 701, 91 L.Ed. 884 (1946)).

The confusion about the primary question in this case arises out ot language in *Rouse Philadelphia Inc. v. Ad*

*Hoc '78*, 274 Pa.Super. 54, 417 A.2d 1248 (1979), which reads:

> An unconditional fine [for civil contempt] can serve two purposes: (1) to punish violators or (2) to deter future or continued violations of the law. *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A.2d 447 (1969). The deterrence of continuous or future violations of a court order is a legitimate interest to be served by the levy of an unconditional fine.

This language was relied on by the lower court in support of its imposition of a fine.

While, on its face, the language in *Rouse* appears to support the imposition of an unconditional fine, as punishment, in civil contempt, when read in conjunction with previous language in *Rouse* and the general theory of the difference between civil and criminal contempt, that conclusion is not supportable. In fact, the case cited in *Rouse* to support the previously quoted language, *Mastrangelo v. Buckley*, was not a case dealing with civil contempt issues. Rather *Mastrangelo* was addressing the power of a municipality to impose fines for parking violations. The fine imposed in *Rouse* was ordered to compensate the City of Philadelphia for costs incurred in responding to the defendant's contumacious acts. Therefore, it is clear that the lower court's reliance on three words in *Rouse*, "to punish violators", was misplaced.

As previously stated, the lower court found appellant guilty of civil and not criminal contempt. Therefore, the court's authority to impose sanctions was limited to that which would compel compliance with its directives, not to inflict punishment *per se*. The lower court's statement, "While the fine was not conditioned on Stewart appearing for his deposition, we feel that it was necessary as a punishment and to deter him from continued violation of the law," clearly reflects the court's directive to appear for deposition. There was no continuing violation, nor threat of violation, which would be abated by the imposition of a conditional or unconditional fine.

Accordingly, we find that the lower court erred by imposing an unconditional $200.00 fine on appellant as punishment for his civil contempt. The order is hereby affirmed in part, as it ordered appellant to appear for deposition. However, in view of the fact that the parties agree that District Justice Stewart has purged himself of the contempt by sitting in deposition, the order is reversed as it ordered appellant to pay a $200.00 fine.

BECK, J., filed a dissenting opinion.

BECK, Judge, dissenting:

An unconditional fine can be imposed for the purpose of deterring future or continued violations of the law. *Rouse Philadelphia Inc. v. Ad Hoc '78*, 274 Pa.Super. 54, 417 A.2d 1248 (1979). While the trial court erred in interpreting *Rouse Philadelphia Inc.* as permitting imposition of an unconditional fine as a punishment, it was correct in imposing such a fine as a deterrent to continued violation of the law. At the time the fine was imposed, Justice Stewart had still not complied with the court order directing him to appear for deposition. In view of Justice Stewart's continuing disregard of court process, it was not an abuse of discretion to believe that a fine was necessary to instill in appellant a due regard of his obligations under the law.

I would therefore affirm the order of the trial court.