Jeffrey MROZEK and Brian Mrozek,
Individually and D/B/A Disaster
Specialists, Appellees

v.

Dennis JAMES, Konstantinos Karala-
gas, Robert McElfresh, Charles Ham-
borsky, All Individually and D/B/A
First Response Restoration and First
Response Restoration, Appellants

Superior Court of Pennsylvania.

Argued April 4, 2001.

Filed July 6, 2001.

Kevin Rauch, Pittsburgh, for appellant.

Gary E. Wieczcrek, Pittsburgh, for appellee.

Before DEL SOLE, P.J., EAKIN and BROSKY, JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from the trial court's order which granted Appellees' motion for contempt and imposed sanctions against Appellants.  We affirm.

¶ 2 Appellees, Jeffrey Mrozek and Brian Mrozek, own and operate "Disaster Specialists," a disaster restoration business. Appellants, Dennis James, Konstantinos Karalagas, Robert McElfresh and Charles Hamborsky, are former employees of Disaster Specialists.  Within a short period of time, all four Appellants left the employ of Disaster Specialists to begin their own restoration and construction business, First Response Restoration.  Appellees subsequently filed a complaint in equity against Appellants alleging that they had violated provisions in their employment agreements regarding covenants not to compete.

¶ 3 The trial court conducted a hearing on Appellees' petition for preliminary injunction and subsequently issued an order directing Appellants James, Karalagas and McElfresh to cease engaging in any conduct prescribed by the non-compete clauses set forth in their employment agreements. The injunctive order did not direct Hamborsky to cease competition as he was not bound by an employment agreement. Appellants filed a motion for clarification of the injunctive order, specifically questioning whether they could finish work that was started before the injunctive order was issued. The trial court clarified the order stating that the Appellants could not finish the work previously started. Appellants filed a second motion for clarification which the trial court declined to entertain.

¶ 4 Appellees subsequently filed a motion for contempt and sanctions, contending that First Response was continuing work on restoration projects in violation of the injunctive order. After taking testimony, the trial court issued an order filed May 9, 2000, finding that Appellants were in contempt of the injunctive order "... by reason of their subsequent work on the job site on Butler Avenue in the Lawrenceville section of Pittsburgh." Trial Court Order, 5/9/00. The court also scheduled and later held a hearing on July 6, 2000, to address the sanctions to be imposed. Shortly thereafter the trial court ordered Appellants to reimburse Appellees in the amount of $13,106.40 for counsel fees, investigator's fees, deposition fees, subpoena and witness fees incurred relative to the enforcement of the trial court's preliminary injunction. The trial court also ordered Appellants to pay a fine in the amount of $4,000 for the benefit of Appellees. This appeal followed.

¶ 5 On appeal, the Appellants present the following issues for our review:

1. Whether the trial court erred in granting plaintiffs' motion for contempt and sanctions because plaintiffs failed to show by a preponderance of the evidence that defendants were acting in violation of the February 11, 2000 order?

2. Whether the trial court erred in granting plaintiffs' motion for contempt and sanctions because the February 11, 2000 order was inherently ambiguous?

3. Whether the trial court abused its discretion in assessing counsel fees because the decision was not based on a precise finding of dilatory, obdurate, and vexatious conduct on the part of defendants?

4. Whether the trial court abused its discretion by ordering defendants to pay a fine in the amount of $4,000 for the benefit of the plaintiffs as such an amount was arbitrary and excessive given the evidence presented?

Appellants' Brief at 4.

¶ 6 We first note that this appeal from the trial court's order finding Appellants in contempt of the injunctive order is properly before us for review. Until sanctions or imprisonment are imposed, an order declaring a party in contempt is interlocutory. *Sargent v. Sargent*, 733 A.2d 640, 641 (Pa.Super.1999). Thus the May 9, 2000, order, in which the trial court found Appellants in violation of the injunctive order, was not final until the sanctions were imposed by the order of July 11, 2000.

¶ 7 Appellants first assert that the trial court erred in finding that they had violated the injunctive order. Appellants contend that the Appellees failed to show by a preponderance of the evidence that Appellants violated any of the terms of the trial court's injunctive order. Appellants' Brief, at 9–13.

¶ 8 Our Supreme Court has held that an appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings. *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328, 1332 (1988). This Court will not reverse or modify a final decree unless there has been an error of law or an abuse of discretion, or if the findings are not supported by the record, or there has been a capricious disbelief of the credible evidence. *C.R. by Dunn v. The Travelers*, 426 Pa.Super. 92, 626 A.2d 588, 592 (1993). Furthermore "[E]ach court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs." *Ricci v. Geary (Appeal of Dolfi)*, 447 Pa.Super.609, 670 A.2d 190, 191 (1996) (quoting *Commonwealth v. Jackson*, 367 Pa.Super. 6, 532 A.2d 28, 31 (1987)). In civil contempt cases, the complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence. *C.R. by Dunn*, 626 A.2d at 592.

¶ 9 In its opinion the trial court stated its findings as follows:

The testimony revealed that the defendants and First Response Restoration were engaged in the business of disaster restoration at the Butler Avenue project in the Lawrenceville section of Pittsburgh following the injunction order of February 11, 2000. Brian Murphy, manager for Traco Window, testified that he visited the Butler Avenue site in March, 2000. When he asked who was in charge of the job so that he could submit estimates for replacing windows, he was given the name of Denny (one of the defendants is Dennis James, who was the prime mover in creating First Response), as well as the phone number for First Response.

The defendants maintained that First Response performed emergency work and some demolition at the Butler Avenue project, but did not work at the site after the injunction was issued. The defendants claimed that they turned the roofing job over to Marshall Hawk, the owner of a small remodeling business. However, I believe that Mr. Hawk was merely a straw man created by the defendants to enable them to continue working on the Butler Avenue project subsequent to the injunction. There was testimony that Mr. Hamborsky, an employee of First Response, was hired to repair the roof and to show Mr. Hawk what needed to be done on the Butler Avenue job.[1] However, there was no evidence that Mr. Hawk was hired by the owner of the property, Mr. Kubini, to perform any work at the Butler Avenue project. Mr. Hawk never talked with or met with Mr. Kubini. Indeed, Mr. Kubini testified at the sanctions hearing that he did not know who Mr. Hawk was and that he never hired him. Rather, First Response had requested Mr. Hawk to do the job and submit a bill.

1 Mr. Hamborsky worked for Mr. Hawk only for the Butler Avenue job.

Trial Court Opinion, 9/6/00, at 3–4.

¶ 10 The trial court made factual findings supporting its conclusion that Appellants had failed to comply with the injunctive court order. The trial court's findings are supported by the record. In light of these factual findings we cannot find that the trial court's conclusion was unreasonable. We find no error in the trial court's determination that Appellants were performing work in violation of the injunctive order.

¶ 11 Appellants next contend that the trial court's injunctive order was inherent-

ly vague and should have been construed in favor of Appellants. Despite the phrasing of this issue and the heading of this argument, Appellants are not challenging the February 2000 order on its face. Rather, Appellants' contention is that because the order was ambiguous it should be interpreted in their favor. Construing the order in this manner, the actions of Appellants cannot be the basis for a contempt order.

¶ 12 We disagree. As stated above, we find that the trial court's determination that Appellants violated the injunctive order is supported by the record. Moreover, we do not believe that the injunctive order is ambiguous in its terms. Regardless, such construction would not make the trial court's determination erroneous.

¶ 13 Appellants also maintain that the trial court erred in awarding Appellees attorney's fees. Appellants assert that this award was error because the trial court failed to make a specific finding that the Appellants engaged in dilatory, obdurate, or vexatious conduct in the course of the proceedings. Appellants maintain that "[I]n Pennsylvania, an award for attorney's fees can only be granted if there is a finding that the defendants engaged in dilatory, obdurate, or vexatious conduct in the course of the proceedings" pursuant to 42 Pa.C.S.A. § 2503(7). Appellants' Brief at 16.

¶ 14 We disagree with Appellants contention that attorneys' fees can be granted in this case only pursuant to 42 Pa.C.S.A. § 2503(7). We also note that in its opinion the trial court did not assert that attorneys' fees were being imposed pursuant to 42 Pa.C.S.A. § 2503(7).

¶ 15 Sanctions for civil contempt can be imposed for one or both of two purposes: to compel or coerce obedience to a court order and/or to compensate the contemnor's adversary for injuries result-

ing from the contemnor's noncompliance with a court order. *Goodman v. Goodman,* 383 Pa.Super. 374, 556 A.2d 1379, 1392 (1989). Attorneys' fees and other disbursements necessitated by the contemnor's noncompliance may be recovered by the aggrieved party in a civil contempt case. *Schnabel Associates, Inc. v. Building and Constr. Trades Council,* 338 Pa.Super. 376, 487 A.2d 1327, 1338 (1985). Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive. *Goodman,* 556 A.2d at 1392. Counsel fees are a proper element of a civil contempt order. *Id.* In reviewing a grant of attorney's fees, we will not disturb the decision below absent a clear abuse of discretion. *Id.*

¶ 16 Here, Appellants were ordered to pay compensatory damages to Appellees for attorneys' fees, investigation costs, deposition fees, and subpoena and witness fees incurred as the result of Appellants' contempt. These sanctions are proper elements of a civil contempt order because they are coercive and compensatory. *See Schnabel Associates Inc.,* 487 A.2d at 1338. The award of attorneys fees is an appropriate remedy in a civil contempt case, separate and apart from the statutory provision for attorney's fees under 42 Pa.C.S.A. 2503(7). We find no abuse of discretion by the trial court in awarding these attorneys fees.

¶ 17 Appellants' final argument on appeal is that the trial court abused its discretion in fining Appellants $4,000.00. Appellants further contend that "... since the award of counsel fees was improper, the fine levied against Defendants for allegedly violating the February injunctive order should also be reversed on the grounds that it is an arbitrary figure that

has no basis or support from the facts contained in the record." Appellants' Brief at 19.

¶ 18 The court may impose an unconditional fine upon a contemnor in order to encourage future compliance for the benefit of the injured private party. *Schnabel Associates Inc. v. Building and Construction, Trades Council,* 487 A.2d at 1338. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy. *Colbert v. Gunning,* 368 Pa.Super. 28, 533 A.2d 471, 472 (1987) (quoting *Brocker v. Brocker,* 429 Pa. 513, 241 A.2d 336, 339 (1968)).

¶ 19 The trial court's imposition of the $4,000 fine was based on the out-of-pocket expenses sustained by Appellees and the trial court's determination that Appellants were in contempt of the injunctive order. As stated previously, we have found that the award of attorney's fees was appropriate. The fine was less than one-third of Appellees' out-of-pocket expenses. Thus, we cannot find that the trial court abused its discretion in imposing this fine.

¶ 20 Order affirmed.