J-S52003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MOLLIE MCGINLEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL J. PHILPOTT, | |
| Appellant | No. 429 MDA 2018 |

Appeal from the Order Entered February 5, 2018
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 10736-2013

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED: NOVEMBER 5, 2018**

Paul J. Philpott (Husband) appeals *pro se* from the February 5, 2018 order that found Husband in contempt of a prior order of court that required Husband to pay Mollie McGinley (Wife) $3,973.28 relating to the equitable distribution component of the parties' divorce.  The court also ordered Husband to pay $1,500.00 in counsel fees.  After review, we affirm.

The following recitation by the trial court summarizes the facts and procedural history of this case:

> [Husband] and [Wife] were divorced on July 11, 2016.  This [c]ourt entered a Decree in Divorce, denying [Husband's] Exceptions to [the] Master's Report and Recommendation and adopting the Master's Report and Recommendation as an Order of Court.  On July 25, 2016, [Husband] filed a Notice of Appeal.  On September 22, 2016, this [c]ourt filed its 1925(a) opinion.  On

---

[*] Retired Senior Judge assigned to the Superior Court.

March 31, 2017, the Superior Court affirmed the lower court's opinion. [Husband] then appealed the Superior Court Order to the Supreme Court and the appeal was denied. [***McGinley v. Philpott***, 168 A.3d 373 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 170 A.3d 1019 (Pa. 2017).] The Divorce Decree, entered by the [c]ourt on July 11, 2016, contained an equitable distribution component. As part of equitable distribution, [Husband] was required to pay [Wife] $3,973.28 within 30 days of the date of the Divorce Decree. On December 14, 2017, [Wife] filed a Petition for Contempt and Sanctions of the Order [d]ated July 11, 2016 claiming that [Husband] had not paid the amount of $3,973.28 to [Wife]. Therefore, [Wife] requested that [Husband] make the payment due, in addition to paying legal fees and costs in the amount of $1,500.00.

A hearing was scheduled by the [c]ourt on February 5, 2018. [Husband] did not appear for the hearing. [Wife] and her counsel appeared. Counsel for [Wife] stated that [Husband] had represented himself without counsel throughout this divorce action. Counsel for [Wife] further stated that he and [Husband] had many hearings before the [c]ourt and that [Husband] had made it clear that he wished to be served with all court documents via email. [Husband] also consistently served [Wife] via email. Counsel for [Wife] further stated that he and [Husband] had been serving each other with legal documents via email since the commencement of this action in 20[1]3. Counsel for [Wife] stated at the hearing that he had served [Husband] with the Petition for Contempt via email and via certified mail. Counsel for [Wife] stated that the certified mail was not returned, nor was it refused. (N.T. 02/05/18 at 3-4)[.]

On February 5, 2018, the [c]ourt entered an Order finding [Husband] in contempt of [c]ourt and ordered [Husband] to pay the amount of $3,973.28 by March 3, 2018. The [c]ourt also awarded counsel fees to [Wife] in the amount of $1,500.00 to be paid on the same date. On March 1, 2018, [Husband] appeared at Motion's Court and presented a Motion to Vacate the [c]ourt's [o]rder which was denied by the [c]ourt. On March 5, 2018, [Husband] filed a Notice of Appeal. On March 12, 2018, this [c]ourt entered an [o]rder directing [Husband] to file of record and serve on the trial judge a Concise Statement of Matters Complained of on Appeal. On April 2, 2018, [Husband] filed his Statement of Matters Complained of on Appeal.

Trial Court Opinion (TCO), 5/3/18, at 1-2.[1]

In his brief to this Court, Husband lists the following issues for our review:

> 1) Did the trial court err by finding that [Husband] was properly served even after being presented proof that [Wife's] counsel gave misleading information regarding the status of email and mail service in this matter?
>
> 2) Did the trial court err by not conducting a complete hearing, not taking any testimony from either party, and only considering input from the counsel for [Wife]?
>
> 3) Did the trial court err by denying [Husband] his right to due process and equal treatment by not allowing the [Husband] to present any counterargument before issuing judgment on this matter?
>
> 4) Did the trial court err by awarding arbitrary and excessive counsel fees that were not based on any actual costs or fees incurred or on any type of loadstar calculation for the area?

Husband's brief at 2-3.[2]

We begin our discussion of Husband's issues by noting that:

On appeal from an order holding a party in contempt of court, our scope of review is very narrow, and we place great reliance on the court's discretion. **Garr v. Peters**, 773 A.2d 183, 189 (Pa. Super. 2001). "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." **Harcar v. Harcar**, 982 A.2d 1230, 1234 (Pa. Super. 2009). "Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling

---

[1] Husband's Pa.R.A.P. 1925(b) statement contains ten separate allegations of error with the tenth one listing six separate issues. The trial court's opinion summarized Husband's list of issues, consolidating them into four areas for discussion.

[2] Wife has not filed a brief with this Court in response to Husband's brief.

into disrepute." **Habjan v. Habjan**, 73 A.3d 630, 637 (Pa. Super. 2013). Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings. **Mrozek v. James**, 780 A.2d 670, 673 (Pa. Super. 2001).

**Thomas v. Thomas**, 2018 PA Super 224, at *9 (Pa. Super. filed August 7, 2018).

Husband's first issue relates to his allegation that he did not receive service of the rule to show cause issued by the court that contained the date and time of the scheduled proceeding relating to the contempt petition filed by Wife. Husband recognizes that Wife's counsel apprised the court that notice was sent by email and certified mail; however, Husband contends that "no notice was ultimately delivered to [him]." Husband's brief at 8. He further alleges without support in the record that both the court and Wife were aware that the service by mail was returned to Wife. Husband also discusses the use of email to apprise him of any future action, claiming that he informed Wife and her counsel not to use email for this purpose. **Id.** He also raises a prior instance of an alleged non-delivery.

In response to Husband's first issue, the trial court noted Wife's counsel's representation as to service upon Husband of the notice of the contempt hearing, *i.e.*, by certified mail and by email. At the hearing, Wife's counsel stated that the certified mail had not been returned or refused. **See** Pa.R.C.P. 440(b) (stating "[s]ervice by mail of legal papers other than original process is complete upon mailing"). Counsel also advised the court that Husband had indicated that he wanted to be served with legal documents via

email and that since the onset of the case, both parties had served the other via email. *See* Pa.R.C.P. 440(a)(1)(i) Note (stating "[s]uch other address as a party may agree might include … an e-mail address"). The court further noted that although Husband claimed in his motion to vacate the court's February 5, 2018 order that he did not communicate with Wife's counsel by email, Husband attached exhibits to his motion that reflected his communication with Wife's counsel in that manner. Specifically, the court stated in its opinion that it "does not find [Husband] credible in denying email communication with [Wife']s counsel." TCO at 4. Rather, the court found that the parties had used email communication as a "means of service of their legal pleadings." *Id.*

Husband has not convinced this Court that the trial court's conclusion is erroneous. As noted above, the court did not find Husband credible, especially in light of the evidence he himself attached to his motion to vacate. Moreover, the record contains a certificate of service that was filed along with the rule to show cause and order for the hearing that indicates service "**VIA E-MAIL AND U.S. MAIL**[.]" Certificate of Service, 12/14/18. Husband is not due relief on the basis of lack of notice.

In his second issue, Husband claims that the contempt hearing was incomplete in that no evidence was presented to the court, neither testimony nor relevant documentation, to support a finding of contempt. We first note that Husband has failed to support his argument with any citations to authorities and for that reason alone, we may find this issue waived.

- 5 -

> "When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 596 P. 703, 940 A.2d 362 (2008) (citations omitted); **Commonwealth v. Whitaker**, 30 A.3d 1195, 1197 n.7 (Pa. Super. 2011); Pa.R.A.P. 2119(b). We "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Hardy**, 918 A.2d at 771.

**In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012).

In any case, we recognize, as did the trial court, that Husband acknowledges that he has not paid the $3,973.28 to Wife in accordance with the equitable distribution portion of the divorce decree, which was entered on July 11, 2016. Thus, Husband is not in compliance with a court order. Simply stated, he is in contempt of court for failing to abide by the directive contained in the divorce decree.

Husband's third issue involves his claim that the trial court violated his due process rights under the Fourteenth Amendment of the United States Constitution. In essence, Husband relies on various civil procedure rules, which he asserts were not followed by the trial court. The trial court addressed the various rules in its opinion, stating:

> [Husband] claims that the court did not follow the Pennsylvania Rules of Civil Procedure, mainly, 1920.33, 1910.6, 1910.25(d), 576(b)(2), 440(d), 1910.13-1, and 1920.25(f). With respect to Pa.R.C.P. 1920.33, [Husband] claims that the court failed to follow that rule because the court enforced an equitable distribution

order outside of the "rules governing actions for support and divorce of the Divorce Code."

Pennsylvania Rules of Civil Procedure 1920.33(e) states that an Order entered pursuant to Section 3502 of the Divorce code *may* be enforced as provided by rules governing actions for support and divorce and in the Divorce Code.  [Husband] is misinterpreting Section 3502 of the Divorce Code which contains sections (a-f) pertaining to equitable distribution of marital property.  Title 23 Pa.C.S. § 3502(e)(1-9) pertaining to powers of the [c]ourt, provides that a court may award relief for failure to comply with a Court Order.  The [c]ourt, in applying section 3502(e), does not need to refer to Pa.R.C.P. 1920.33 to insure compliance with its own court Order.

With respect to Pa.R.C.P. 1910.6, 1910.25(d) and 1910.13-1, [Husband] claims that the [c]ourt did not follow these rules in rendering its Order.  These rules cited by [Husband] are only applicable to support proceedings and not to divorce proceedings.  [Husband] also stated that the [c]ourt did not comply with Pa.R.C.P. 576(b)(2).  However, the rule cited by [Husband] does not exist in the Pa. Rules of Court.  Furthermore, Pa.R.C.P. 1920.25(f) cited by [Husband] is a rule that has been "reserved" and is not codified.  [Husband] also claims that the Court did not comply with Pa.R.C.P. 440(d); however, that rule pertains to service of legal documents via facsimile, which is not one of the methods of service that [Wife] used to serve the Petition for Contempt and for Sanctions.  [Wife], as stated above, served the Petition certified mail and via email which was addressed above in the alleged error one (1) raised by [Husband].

TCO at 5-6 (emphasis in original).  We agree with the court's explanation relating to Husband's reliance on the civil procedure rules and conclude that Husband has not convinced us otherwise.  Husband is due no relief.

In the final issue raised by Husband, he claims that the $1,500.00 in counsel fees awarded to Wife was unjustified and unreasonable.  Specifically, Husband contends that the amount awarded for attorney's fees had no justification or no support in the record for the amount awarded.  Husband

further asserts that the penalties for contempt must be paid to the complainant and must be based upon actual loss. Husband misunderstands the proper application of the case law on which he relies, namely, **Stahl v. Redcay**, 897 A.2d 478 (Pa. Super. 2006).

Initially, we recognize the trial court's notation that it has the power to award counsel fees and costs. **See** Section 3502(e) of the Domestic Relations Code, 23 Pa.C.S. § 3502(e)(7);[3] **see also Habjan**, 73 A.3d at 642-43. Moreover, the court's statement in its opinion emphasizes that the award of counsel fees is a **sanction** for failing to comply with the court order, *i.e.*, the divorce decree. In the **Stahl** opinion, this Court has stated that "[j]udicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for the losses sustained." **Stahl**, 897 A.2d at 486. If compensation is intended, then the amount must be based upon evidence of complainant's actual loss.

---

[3] Section 3502(e) provides:

> (e) Powers of the court.—If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:
>
> . . .
>
> (7) award counsel fees and costs;

23 Pa.C.S. § 3502(e)(7).

However, here it is evident that the court intended the counsel fee award as a sanction and the actual loss is of no moment. Therefore, we conclude that Husband's final issue is without merit.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/05/2018