J-S43014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLINTON W. SPENCER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LYNNETTE D. SPENCER | : | |
| | : | |
| Appellant | : | No. 2025 MDA 2018 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County
Civil Division at No(s): 11-1931

BEFORE: GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED NOVEMBER 08, 2019**

Appellant, Lynnette D. Spencer ("Wife"), appeals from the order entered in the Centre County Court of Common Pleas, which found her in contempt of court and imposed sanctions in the form of counsel fees in favor of Appellee, Clinton W. Spencer ("Husband"). We affirm.

The relevant facts and procedural history of this case are as follows. Husband and Wife married on October 31, 1998, and separated in August 2010. Husband filed a complaint for divorce and equitable distribution on April 27, 2011. On August 9, 2012, the court entered a divorce decree, reserving jurisdiction over the issue of equitable distribution. The court held an equitable distribution hearing on January 27, 2016, which neither Wife nor her counsel attended. On February 29, 2016, the court entered an equitable distribution order requiring Wife to pay Husband $89,830.65.

_____
* Former Justice specially assigned to the Superior Court.

Husband filed a petition for contempt on May 2, 2018, based on Wife's failure to make any payments to Husband. On July 25, 2018, Wife filed an answer and new matter, and the court held a hearing on the contempt petition. The court held an additional hearing on October 17, 2018. By order filed on November 19, 2018, with service of the order on November 21, 2018, the court found Wife in contempt and ordered her to serve six (6) months' incarceration. The order contained a purge condition of $500.00 per month beginning in January 2019, and continuing until all money owed was paid. The court also awarded Husband $2,000.00 in counsel fees. Wife timely filed a notice of appeal on December 14, 2018. On December 31, 2018, the court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Wife timely filed on January 22, 2019.

Wife raises three issues for our review:

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY THE ORDER, [FILED] ON NOVEMBER 19, 2018, FINDING [WIFE] IN CONTEMPT FOR FAILING TO COMPLY WITH THE EQUITABLE DISTRIBUTION ORDER INASMUCH AS [WIFE] DID PROVE BY THE REQUISITE STANDARD [WIFE'S] PRESENT INABILITY TO PAY UNDER SUCH EQUITABLE DISTRIBUTION ORDER?

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY THE ORDER, [FILED] ON NOVEMBER 19, 2018, FINDING [WIFE] IN CONTEMPT FOR FAILING TO COMPLY WITH THE EQUITABLE DISTRIBUTION ORDER INASMUCH AS THE TRIAL COURT PREDICATED ITS DETERMINATION OF [WIFE'S] PRESENT INABILITY TO PAY UNDER SUCH EQUITABLE DISTRIBUTION ORDER ON [WIFE'S] POTENTIAL, FUTURE ABILITY TO PAY AND ESTIMATES THEREOF?

> WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY THE ORDER, [FILED] ON NOVEMBER 19, 2018, AWARDING COUNSEL FEES TO [HUSBAND] INASMUCH AS, UNDER THE FACTS AND CIRCUMSTANCES OF RECORD, [WIFE] DID NOT ENGAGE IN CONDUCT WARRANTING THE AWARD OF COUNSEL FEES, NOR DID THE EVIDENCE SUFFICE TO PROVE THE AWARD OF COUNSEL FEES TO [HUSBAND], AND THE AWARD WAS EXCESSIVE AND UNREASONABLE?

(Wife's Brief at 5).

On appeal from an order holding a party in contempt of court,

> [O]ur scope of review is very narrow, and we place great reliance on the court's discretion. The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings.
>
> In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which [she] is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. Nevertheless, a mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt.
>
> If the alleged contemnor is unable to perform and has, in good faith, attempted to comply with the court order, then contempt is not proven. The contemnor has the burden to prove the affirmative defense that [she] lacks the ability to comply. The defense of impossibility of performance is available to a party in a contempt proceeding if the

- 3 -

impossibility to perform is not due to the actions of that party.

*Thomas v. Thomas*, 194 A.3d 220, 225-26 (Pa.Super. 2018) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Brian K. Marshall, we conclude Wife's first and second issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (*See* Trial Court Opinion, filed November 19, 2018, at 2-3) (finding: Wife has failed to comply with equitable distribution order; Wife works only 7 hours/week for minimum wage, with no indication that Wife has attempted to secure better employment which would allow her to comply with equitable distribution order; Wife's assertion that she is incapable of complying with equitable distribution order lacks merit; Wife's current inability to comply with order is due solely to her inaction in securing more hourly work for additional income; Wife could reasonably obtain more work than current 7 hours/week and she is, by her own admission, capable of working full-time at minimum wage job). Therefore, with respect to Wife's first and second issues on appeal, we affirm on the basis of the trial court's opinion.

In her third issue, Wife argues the only statutory authorization for an award of counsel fees incident to a contempt order is 42 Pa.C.S.A. § 2503(7), which provides that counsel fees may be awarded as a sanction for "dilatory, obdurate or vexatious conduct." Wife contends the evidence presented at

both contempt petition hearings demonstrated that Wife only pursued legitimate defenses and claims. Wife further asserts the trial court made no specific finding of dilatory, obdurate, or vexatious conduct on her part, as required for the award of counsel fees under Section 2503(7). Wife maintains this omission renders the award of counsel fees "unfounded, unreasonable, and excessive." As a result, Wife concludes the award of counsel fees must be vacated. We disagree.

An award of counsel fees as a sanction in a civil contempt case is distinct from the statutory provision for counsel fees under 42 Pa.C.S.A. § 2503(7). **Sutch v. Roxborough Memorial Hospital**, 142 A.3d 38, 68-70 (Pa.Super. 2016), *appeal denied*, 640 Pa. 378, 163 A.3d 399 (2016). An award of counsel fees under Section 2503(7) "must be supported by a trial court's specific finding of dilatory, obdurate or vexatious conduct." **Id.** at 69. Section 3502 of the Divorce Code, however, empowers the court to award counsel fees and costs when a party fails to comply with an order of equitable distribution. 23 Pa.C.S.A. § 3502(e)(7). The purpose of awarding counsel fees in this context is "to reimburse an innocent litigant for the expenses the conduct of an opponent makes necessary, such as the cost of the contempt hearing, so it can be coercive and compensatory but it cannot be punitive." **Sutch, supra**. We review an award of contempt sanctions in the form of counsel fees for an abuse of discretion. **Mrozek v. James**, 780 A.2d 670, 674 (Pa.Super. 2001).

Instantly, the court entered an equitable distribution order on February

29, 2016, requiring Wife to pay Husband $89,830.65. Due to Wife's failure to make any payments to Husband for over two years, Husband filed a contempt petition on May 2, 2018. The court held two hearings on the petition. By order filed on November 19, 2018, the court found Wife in contempt of the equitable distribution order and awarded Husband $2,000.00 in counsel fees. Here, the court was not required to make a specific finding of "dilatory, obdurate or vexatious conduct" before awarding counsel fees. **See Sutch, supra**. Rather, the court based its award of counsel fees on Wife's contempt of the February 29, 2016 equitable distribution order. **See** 23 Pa.C.S.A. § 3502(e)(7). Thus, the trial court's award of counsel fees to Husband under Section 3502 of the Divorce Code was not flawed on the ground asserted.[1] **See id.**; **Mrozek, supra**. Accordingly, we affirm.

Order affirmed.

_____

[1] An appellate court may award counsel fees and costs if it determines that an appeal is frivolous. Pa.R.A.P. 2744. An appeal is considered frivolous where it lacks any basis in law or fact. **Marino by Marino v. Marino**, 601 A.2d 1240, 1250 (Pa.Super. 1992). Nevertheless, "[a]n appeal is not frivolous simply because it lacks merit." **Winpenny v. Winpenny**, 643 A.2d 677, 680 (Pa.Super. 1994), *appeal denied*, 540 Pa. 603, 655 A.2d 991 (1994), *cert. denied*, 516 U.S. 811, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995).

Husband claims Wife's appeal is frivolous and asks for attorney's fees and costs on appeal. Although we do not grant Wife any relief, her appeal was not wholly frivolous, vexatious, or taken solely for delay. **See** Pa.R.A.P. 2744; **Marino, supra**. Accordingly, Husband's request for attorney's fees and costs on appeal is denied without prejudice to his right as the prevailing party on appeal to seek taxable costs in the trial court per Rules of Appellate Procedure 2741-2743. **See** Pa.R.A.P. 2771 (relating to costs on appeal taxable in trial court in favor of party entitled to costs under this chapter).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/08/2019



**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| CLINTON W. SPENCER<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 2011-1931 |
| LYNNETTE D. SPENCER<br>Defendant. | )<br>)<br>) | |

*Attorney for Plaintiff:*        *H. Denning Mason, Esquire*
*Attorney for Defendant:*       *Thomas M. Dickey, Esquire*

## OPINION AND ORDER

**Marshall, J.**

Presently before this Court is a Petition for Contempt filed by Clinton W. Spencer ("Plaintiff") on May 2, 2018. On July 25, 2018, Lynnette D. Spencer ("Defendant") filed an Answer to Plaintiff's Petition for Contempt and New Matter with this Court. On the same day, the Court heard argument on the Petition for Contempt. The Court entered an order requiring the parties to submit briefs on all relevant legal issues within twenty (20) days of the transcript being produced. The transcript was produced and filed for the record on September 26, 2018. A second hearing was held by this Court again on October 17, 2018. Defendant filed a Brief on October 26, 2018. On the same day, Plaintiff filed a Memorandum of Law in response to issues raised by Defendant. After hearing testimony on the matter and conducting a thorough review of the record, this Court determines the Petition for Contempt is **GRANTED.**

## BACKGROUND

This matter arises out of a divorce action between Plaintiff and Defendant. On February 29, 2016, the Honorable Thomas King Kistler entered an equitable distribution Order requiring the Defendant to pay Plaintiff to the sum of $89,830.65. On May 2, 2018, Defendant filed a

☒O ☐RD ☐S



Petition for Contempt as a result of Defendant's failure to pay the amount due to him in accordance with Judge Kistler's February 29, 2016 Order. Defendant argues she should not be held in contempt because she lacks the present ability to pay the amount set forth in Judge Kistler's February 29, 2016 Order.

## DISCUSSION

In awarding equitable distribution, a court may find a party in contempt for failure to comply with an order of equitable distribution. 23 Pa.C.S.A. § 3502(e)(9). The purpose of civil contempt is to "enforce compliance with an order of court for the benefit of the party in whose favor the order runs." *Wetzel v. Suchanek*, 541 A.2d 761, 763 (Pa. Super. 1988). To be found in civil contempt, "the complaining part must show, by a preponderance of the evidence, that a party violated a court order." *Hyle v. Hyle*, 868 A.2d 601, 604 (Pa. Super. 2005) (citing *Sinaiko v. Sinaiko*, 664 A.2d 1005, 1009 (Pa. Super. 1995)). If contempt is proven by preponderance of the evidence, the contemnor has the burden of proving an inability to comply with the court order. *Sinaiko*, 664 A.2d at 1009. This affirmative defense is only available if the impossibility of performance is not due to the own actions of the contemnor. *Cunningham v. Cunningham*, 182 A.3d 464, 471 (Pa. Super. 2018). If this affirmative defense is pled, "in imposing coercive imprisonment for civil contempt, [the court] should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply." *Barrett v. Barrett*, 368 A.2d 616, 621 (Pa. 1977). Thus, a coercive sentence cannot be conditioned on a performance of an act that is incapable of being performed. *In re Martorano*, 346 A.2d 22, 27-29 (Pa. 1975).

In the present case, Defendant has failed to comply with this Court's Order dated February 29, 2016. Although Defendant has made attempts to sell certain assets to obtain

2

additional monies, Defendant is currently only working seven (7) hours per week for minimum wage. There is no indication that Defendant has attempted to secure better employment, which would allow her to comply with this Court's Order. This Court finds that Defendant's assertion that she is incapable of complying with this Court's February 29, 2016 Order is without merit. Defendant's current inability to comply with the Order is due to her inactions in securing more hourly work for additional income. This Court finds that it is not unreasonable for Defendant to obtain more work than her current seven (7) hours per week, and she is in fact, by her own admission, capable of working full time at a minimum wage job. Therefore, this Court determines the Petition for Contempt is **GRANTED**.

## ORDER

AND NOW, this 19th day of November, 2018, the Court hereby ORDERS:

1. Defendant is found to be in contempt of court.

2. Defendant shall pay Plaintiff's counsel fee in the amount of $2,000.00.

3. Defendant shall serve six (6) months incarceration in the Centre County Correctional Facility.

4. Defendant may purge her contempt and avoid incarceration by paying $500.00 per month, beginning in January 2019, and continuing until all monies owed, inclusive of attorney's fees awarded, are paid in full. Payment shall be made by money order, cashier's check, certified check, or other guaranteed forms of funds and must be received by Plaintiff by the last calendar day of each month. Plaintiff shall keep Defendant apprised of any change to the address to which Defendant should send payment. Defendant shall inform Plaintiff of any change to her mailing address.

3

5. Within twenty (20) days of the date of this Order, counsel for the parties shall attempt to agree on the total amount due (inclusive of attorney's fees), following the application of funds paid by Defendant to Plaintiff between the two hearings in this matter. If counsel is unable to agree as to the total amount still owed by Defendant to Plaintiff, the Court remains available for further hearing to determine this amount.

6. Each party is responsible for keeping detailed records for himself or herself of the payments made in the event a future dispute arises.

BY THE COURT:

Brian K. Marshall, Judge

4