J-A04032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA A. DIMITRI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS DIMITRI | : | |
| | : | |
| Appellant | : | No. 313 EDA 2021 |

Appeal from the Order Entered December 30, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2014-09013

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MAY 4, 2022**

Marcus Dimitri ("Husband") appeals from the order finding him in contempt for failing to distribute funds pursuant to an equitable distribution order. He challenges the finding of contempt and the award of counsel fees. We conclude the trial court did not abuse its discretion in finding Husband in contempt and in awarding counsel fees. We therefore affirm.

In April 2014, Patricia Dimitri ("Wife") filed a complaint in divorce. In January 2018, Husband filed a Motion for Entry of Grounds Order and Appointment of Equitable Distribution Master to resolve the pending economic claims. In February 2018, the court approved the grounds for divorce and ordered that an equitable distribution hearing be scheduled.

The parties appeared before a hearing officer, who issued a report and recommendation in November 2018. The report and recommendations included, among other things, that Husband would transfer $222,674 from his

Ally Bank 401(k) account to Wife[1] and would transfer 60% of his Vanguard Investment account to Wife. It further provided that the parties would sell property they owned in Cape May and that they would share costs until settlement on the property occurred. Husband filed exceptions to the recommendation and requested a hearing *de novo.* In January 2019, the parties reached a comprehensive agreement resolving the exceptions and entered an agreed order. Included in the order was that the distribution of assets was effective the date of the divorce decree and it provided that unless set forth in the agreed order, the hearing officer's report and recommendation would be final. The court entered the divorce decree on January 15, 2019 and incorporated the agreed order.

Husband did not make the transfers from his investment accounts to Wife, and Wife filed her first petition for contempt in March 2019. The trial court set forth the factual and procedural history of the proceedings following this petition, which we incorporate in this Memorandum. Trial Court Opinion, filed Aug. 23, 2021, at 3-12 ("1925(a) Op."). We will provide a summary here.

After Wife's first contempt petition, the parties agreed that the funds would be revalued as of April 1, 2019, and the funds would be divided in the same way the hearing officer had stated. Husband again did not distribute the funds, and Wife filed a second petition for contempt in June 2019. The parties again reached an agreement where Husband would make partial payments to

---

[1] This was 96.8 % of the amount of money in the account. Memorandum and Order, Dec. 30, 3030, at ¶ 4.

Wife and the parties would engage an accountant to perform updated calculations and to make recommendations for certain credits regarding the Cape May property. In November 2020, when conducting a virtual triage conference on a separate petition, the court learned that "much of the parties' equitable distribution agreement in the prior Agreed Order had not been followed through upon." *Id.* at 5. The court issued an order directing Wife to file a petition setting forth the enforcement issues. Wife filed a third petition for contempt in November 2020, and Husband filed an answer. The court conducted a hearing, at which it heard testimony from both parties.

Following the hearing, the court granted Wife's petition for contempt and directed Husband to effectuate transfers from his Ally Bank and Vanguard accounts to Wife. The court ordered that the valuation date for the accounts would October 31, 2020,[2] which resulted in an increase in the amount owed to Wife. The court further ordered Husband to pay Wife's counsel fees in the amount of $7,500. It further advised Husband of "the possible imposition of sanctions, in the amount of $500 per day, should he fail to accomplish the transfers before the close of business on January 15, 2021." *Id.* at 12. Husband complied with the order. He also filed a timely notice of appeal.

Husband raises the following issues:

---

[2] The Ally Bank account had increased by $130,748.32 and the Vanguard investment account had increased by $17,231.76. Memorandum Order, Dec. 30, 2020, at ¶¶ 23-24.

1. Is it an error of law or abuse of discretion to impose counsel fees when no hearing was held and the certification of fees upon which the trial court relied is not of record?

2. Is it an error of law or abuse of discretion to find a party in contempt of orders which did not provide for a sanction and was not supported by testimony presented?

3. Is it an error of law or abuse of discretion to accept a valuation date which was unsupported by evidence, was arbitrary and was contrary to the Master's valuation date?

Husband's Br. at 9.

In his first issue, Husband argues the court erred in awarding the counsel fees, as fees may be awarded only upon submission of appropriate proof. He points out the court did not hold a hearing with respect to counsel fees, heard no testimony regarding the amount of the fees, and the certification of fees on which the court relied is not of record.

A court may award counsel fees and costs for noncompliance with an equitable distribution order. 23 Pa.C.S.A. § 3502(e)(7). Further, counsel fees may be recovered by an aggrieved party where a court makes a finding of contempt. **Wood v. Geisenhemer–Shaulis**, 827 A.2d 1204, 1208 (Pa.Super. 2003) (quoting **Mrozek v. James**, 780 A.2d 670, 674 (Pa.Super. 2001)). "Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive." **Id.** We review an award of counsel fees for an abuse of discretion. **Id.**

Here, the court pointed out that it sanctioned Husband for his "repeated and continued" failure to comply with the orders. It noted Wife submitted a

certification of fees that totaled $19,596.50 for 51 billable hours plus the costs to file the contempt petitions. The court requested a breakdown, which it received, and ultimately directed Husband to pay $7,500 in counsel fees and costs. After review of the brief, the record, and the well-reasoned opinion of the Honorable Daniel J. Clifford, we conclude the court did not abuse its discretion and affirm on the basis of the trial court opinion. *See* 1925(a) Op. at 23-24.

Husband maintains that the court could not award counsel fees without a hearing. However, he provides no cases or other authority supporting this proposition. Further, although Wife's fee certification was not made part of the record, Husband did not object to this at the hearing or in his Rule 1925(b) statement. This claim is therefore waived. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

In Husband's second issue, he argues that the court erred in finding he acted with wrongful intent, as he allegedly was unable to act because the bank would not release the funds without a proper order. He claims Wife "offered no evidence at the hearing that led to [Husband's] adjudication of contempt." Husband's Br. at 15. He claims that the January 2019 order he was found to have violated was the divorce decree, and although the decree stated the settlement agreement was attached, it was not. He asserts the April 2019

order did not deal with the investment funds and alleges he did not violated the July 2019 order because it required distribution after calculation of the amounts due and such calculations were never made. He claims Wife "offered no testimony" and there was no evidence of a volitional act on his part.

We review an order holding a party in contempt for an abuse of discretion. **Harcar v. Harcar**, 982 A.2d 1230, 1234 (Pa.Super. 2009). "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." **Id.** (citation omitted). "Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute." **Habjan v. Habjan**, 73 A.3d 630, 637 (Pa.Super. 2013) (quoting **Langendorfer v. Spearman**, 797 A.2d 303, 307 (Pa.Super. 2002)).

"To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." **Lachat v. Hinchcliffe**, 769 A.2d 481, 489 (Pa.Super. 2001). To be punished for the contempt, the order must have been "definite, clear, specific – leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct." **Id.** at 488-89 (quoting **Marian Shop, Inc. v. Baird**, 670 A.2d 671, 673 (Pa.Super. 1996)) (emphasis removed).

Here, the trial court found Husband had a pattern of agreeing to court orders and then disregarding the terms. It found Husband had notice of the Orders, as they were made by agreement of the parties and made of record. Husband also agreed that he still owed Wife money from the accounts. Further, the court found that Husband's actions were volitional. Although Husband claimed he needed another court order to effectuate the transfer, he never notified the court of this alleged requirement. In addition, although Husband claimed Wife was responsible for the delay because she did not pay her portion of the Cape May property mortgage and expenses, the agreed orders were not conditional on such payment. The court further found the acts willful. The orders had specific dates by which the payments were to be made, and Husband failed to make the payments. After a review of the brief, record, relevant case law, and well-reasoned trial court opinion, we conclude the court did not abuse its discretion in finding Husband in contempt and affirm on the basis of the trial court opinion. **See** 1925(a) Op. at 16-20.[3]

In Husband's final issue, he claims the court erred in determining the valuation date. He claims the court should have considered the same factors courts use to determine the valuation of pension benefits to determine the valuation date here.

The court made two determinations of valuation dates in this matter – October 31, 2020, for the investment accounts and January 2020 for the Cape

---

[3] The correct citation for **Foulk v. Foulk**, cited and relied on by the trial court, is 789 A.2d 254 (Pa.Super. 2001) (*en banc*).

May property. Memorandum and Order, December 30, 2020, at ¶¶ 20-25, 35. For the valuation date of the investment accounts, Husband requested a March 31, 2019 valuation date, while Wife asked for October 31, 2020. For the Cape May property, Husband requested a valuation date of the present date and Wife requested a January 2020 valuation date.

In his appellate brief, Husband argues:

> At a hearing on December 2, 2020[,] the [c]ourt found the parties agreed that March 31, 2019 and October 31, 2020 were the relevant cut off dates contended for, [Husband] contending for the former and [Wife] for the latter. The parties formerly agreed that April 1, 2019 was the relevant valuation date. In the order appealed from[,] [the trial court] found January[] 2020 to be the final cutoff date.

Husband's Br. at 11.

Husband is confusing the two valuation dates. For the investment accounts, the trial court did not choose a January 2020 valuation date. Rather, it chose October 31, 2020.

The trial court found Husband waived any challenge to the October 31, 2020 valuation date, as in his 1925(b) statement he referenced the paragraph selecting the valuation date for the Cape May property. It further found it did not err in setting the valuation of the Cape May property as January 2020, because Husband implied the primary purpose of the delay in transferring the investment funds to Wife was her failure to reconcile the Cape May mortgage and expenses, even though the funds owed to Husband "at approximately $14,000, pale in comparison to the value of the investment funds to be transferred to Wife." 1925(a) Op. at 22. The court therefore selected the

January 2020 valuation date, which was the date the parties previously agreed to, as it was the settlement date on the property. ***Id.***

We agree with the trial court that Husband waived any challenge to the valuation date of the investment accounts. Further, to the extent Husband is trying to challenge the valuation date for the Cape May property, we conclude the claim lacks merit. After reviewing the brief, the trial court record, the relevant case law, and the trial court's well-reasoned opinion, we affirm on the basis of the trial court opinion. ***See*** 1925(a) at 20-23.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2022